UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD MILES, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 4:12 CV 1158 RWS |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Edward Miles was denied Supplemental Security Income benefits by the Commissioner of Social Security. This matter was referred to United States Magistrate Judge Frederick R. Buckles for a Report and Recommendation (Report) pursuant to 28 U.S.C. § 636(b). Judge Buckles issued his Report on May 30, 2013 which recommended that the case be remanded to the Commissioner for further proceedings. Judge Buckles found that the Administrative Law Judge (ALJ) failed to adequately acknowledge and consider the factors which are used to evaluate the credibility of Plaintiff Edward Miles' subjective complaints. The Commissioner objects to Judge Buckles' recommendation and states that although the ALJ failed to expressly acknowledge the relevant credibility factors, he nonetheless demonstrated that he considered the factors because the ALJ addressed several of them in his decision.

In reviewing the Commissioners determination a district court must evaluate all the evidence in the record. Cruse v. Bowen, 867 F.2d 1183, 1184 (8th Cir. 1989). The court is to review the record not only to find substantial evidence in support of the Commissioner's decision but also to consider "whatever in the record fairly detracts from its weight." Id.

The assessment of a claimant's credibility is a factor used in the determination of a

claimant's residual functional capacity to perform work. An ALJ must consider the following factors when evaluating a claimant's credibility: (1) the claimant's daily activities; (2) the duration, intensity, and frequency of pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; (5) any functional restrictions; (6) the claimant's work history; and (7) the absence of objective medical evidence to support the claimant's complaints. Buckner v. Astrue, 646 F.3d 549, 558 (8th Cir. 2011)(otherwise known as the Polaski factors from Polaski v. Heckler, 739 F.2d 1320, 1321-22 (8th Cir. 1984)).

The "credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." Moore v. Astrue, 572 F.3d 520, 524 (8th Cir. 2009). Consequently, courts should defer to the ALJ's credibility finding when the ALJ explicitly discredits a claimant's testimony and gives good reason to do so. Buckner, 646 F.3d at 558. Although an ALJ need not explicitly discuss each Polaski factor in his decision, he must at least acknowledge and consider the factors. Renstrom v. Astrue, 680 F.3d 1057, 1067 (8th Cir. 2012) ("The ALJ is not required to discuss methodically each Polaski consideration, so long as he acknowledged and examined those considerations before discounting a claimant's subjective complaints.").

It is undisputed that the ALJ in the present case did not expressly acknowledge the Polaski factors either by citing to Polaski or by listing the factors.

The Commissioner argues that the ALJ's failure to expressly acknowledge the credibility factors reflects only a poor opinion writing technique. The Commissioner asserts that the ALJ's decision can be read to find that the ALJ implicitly acknowledged and considered the credibility factors. The Commissioner argues that the ALJ's discussion of evidence relating to some of the factors is sufficient. In support of this position, the Commissioner relies on the case of Ross v.

Astrue, 4:12 CV 334 CDP, 2013 WL 1197085 (E.D. Mo. Mar. 25, 2013). That case is distinguishable from the present case. In Ross, as in the present case, the ALJ failed to expressly acknowledge the credibility factors yet the court affirmed the ALJ's decision to deny benefits. However, unlike in the present case, the ALJ in Ross extensively addressed five of the Polaski factors, albeit without expressly setting out those factors. In the present case, the ALJ addressed evidence relating to two or three of the Polaski factors in a summary manner. Although this evidence is relevant to the credibility determination, it is unclear from the ALJ's decision that he considered (he did not acknowledge) all of the Polaski factors. While an ALJ need not explicitly address each factor he must acknowledge and consider them. Because I am left to speculate whether the ALJ performed the proper credibility analysis I find that this matter must be remanded to clarify the record.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge Buckles is **SUSTAINED, ADOPTED AND INCORPORATED** herein.

**IT IS FURTHER ORDERED that**, pursuant to sentence-four of 42 U.S.C. § 405(g), the decision of the Administrative Law Judge is **REVERSED** and the case is **REMANDED** for further proceedings in accordance with the Report and Recommendation.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 20th day of September, 2013.